IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee for Lehman Brothers Small Balance Commercial Mortgage Pass-Through Certificates, Series 2007-2 <br><br> Plaintiff, <br><br> v. <br><br> CL ENTERPRISES 1234, INC., an Illinois corporation, and CHERYL LEONARDSON, an Illinois citizen <br><br> Defendants. | Case No. 3:10-cv-50271 <br><br> Judge Reinhard <br><br> Magistrate Judge Mahoney |

**PLAINTIFF'S MOTION FOR
ENTRY OF ORDER OF CONSENT FORECLOSURE**

Plaintiff U.S. Bank National Association, as Trustee for Lehman Brothers Small Balance Commercial Mortgage Pass-Through Certificates, Series 2007-2, by its undersigned attorneys, moves for entry of an order of consent foreclosure. In support of its motion, plaintiff states as follows:

1. On October 12, 2010, plaintiff filed this lawsuit seeking a judgment of foreclosure and sale against defendant CL Enterprises 1234, Inc. ("Mortgagor") and an award of damages against defendant Cheryl Leonardson ("Guarantor") on its claim for guaranty. Plaintiff amended its complaint on July 12, 2011 to name as additional defendants two parties whose junior liens on the mortgaged real estate plaintiff seeks to terminate.

2. Section 5/15-1402 of the Illinois Code of Civil Procedure, 735 ILCS 5/15-1402, provides that the Court shall enter a judgment of foreclosure satisfying the indebtedness by vesting absolute title to the mortgage real estate in the mortgagee free and clear of all claims and liens when the mortgagor consents and no other party objects. In that regard, section 15-1402 (a) provides:

> In a foreclosure, the court shall enter a judgment satisfying the mortgage indebtedness by vesting absolute title to the mortgaged real estate in the mortgagee free and clear of all claims, liens (except liens of the United States of America which cannot be foreclosed without judicial sale) and interest of the mortgagor, including all rights of reinstatement and redemption, and of all rights of all other persons made parties in the foreclosure whose interests are subordinate to that of the mortgagee and all nonrecord claimants given notice in accordance with paragraph (2) of subsection (c) of Section 15-1502 if at any time before sale:
>
> (1) the mortgagee offers, in connection with such a judgment, to waive any and all rights to a personal judgment for deficiency against the mortgagor and against all other persons liable for the indebtedness or other obligations secured by the mortgage;
>
> (2) such offer is made either in the foreclosure complaint or by motion upon notice to all parties not in default;
>
> (3) all mortgagors who then have an interest in the mortgaged real estate, by answer to the complaint, response to the motion or stipulation filed with the court expressly consent to the entry of such judgment;
>
> (4) no other party, by answer or by response to the motion or stipulation, within the time allowed for such answer or response, objects to the entry of such judgment; and
>
> (5) upon notice to all parties who have not previously been found in default for failure to appear, answer or otherwise plead.

3. As set forth in the stipulation attached hereto as **Exhibit 1**, Mortgagor, Borrower and Guarantor consent to the entry of a judgment of foreclosure, and plaintiff has waived any and all rights to a personal judgment for deficiency against Borrower, Mortgagor, and all persons liable for the indebtedness or other obligations secured by the mortgage. The amended complaint recites that agreement to a consent foreclosure.

4. The only other parties to this case are the City of Rockford Water Department and the Rock River Water Reclamation District. Each has recorded two notices of lien against the property. Their liens are subordinate to plaintiff's interest in the property, since they were recorded long after plaintiff's mortgage was recorded. Accordingly, their liens should be extinguished by entry of a judgment of consent foreclosure.

WHEREFORE, plaintiff U.S. Bank National Association, as Trustee for Lehman Brothers Small Balance Commercial Mortgage Pass-Through Certificates, 2007-2, requests that the Court enter a judgment satisfying the indebtedness of defendants CL 1234 Enterprises, Inc. and Cheryl Leonardson by vesting in plaintiff absolute title in the mortgaged real estate commonly known as 1310 Samuelson Road, Rockford, IL 61109, Permanent Index Number 15-12-352-018, and that the Court grant such other and further relief as the Court deems just.

**U.S. BANK NATIONAL ASSOCIATION, as Trustee for Lehman Brothers Small Balance Commercial Mortgage Pass-Through Certificates, Series 2007-2**

By: s/ Harold B. Hilborn
      One of Its Attorneys

Jonathan N. Ledsky
Harold B. Hilborn
VARGA BERGER LEDSKY HAYES & CASEY
A Professional Corporation
125 South Wacker Drive
Suite 2150
Chicago, Illinois 60606-4473
(312) 341-9400

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 17, 2011, a true and correct copy of the foregoing, **Plaintiff's Motion for Entry of Order of Consent Foreclosure**, was filed electronically. Notice of this filing will be sent to the following person by operation of the Court's electronic filing system:

> **James E. Stevens**
> Barrick, Switzer, Long, Balsley & Van Evera
> 6833 Stalter Drive
> Rockford, IL 61108
> Email: jstevens@bslbv.com
>
> **William J. Howard**
> Howard, Hardyman & Worden, LLP
> 124 North Water Street
> Suite 100
> Rockford, IL 61107
> Email: whoward@howardhardyman.com

Parties may access this filing through the Court's system.

s/Harold B. Hilborn